# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **ISAIAH WALKER,** <br><br> Defendant. | Case No. 7:18-CR-67 (HL) |

# ORDER

On October 4, 2021, the Court received a letter from Defendant Isaiah Walker seeking correction of his federal sentence. (Doc. 38). The Court construes Defendant's letter as a motion for an order granting him credit for time served. For the following reasons, the motion is **DENIED**.

On October 23, 2019, Defendant pled guilty to a superseding information charging him with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 25, 27). The Court sentenced Defendant on January 9, 2020 to a term of imprisonment of 37 months followed by three years supervised release. (Doc. 36). The Court ordered that Defendant's federal sentence be served concurrently with the sentence imposed by Lowndes County Superior Court in Case No. 2011CR502. (Id.). Defendant waived appeal. (Doc. 35).

Defendant correctly states that he was brought into federal custody in December 2018. Between that time and sentencing, Defendant indicates that he

remained in federal custody while detained in the Crisp County Jail, the Tift County Jail, and the Butner Federal Correctional Institution, where he underwent a court ordered mental health evaluation. Defendant was under the impression that he would receive credit toward his sentence for the time he served in federal custody while awaiting sentencing. However, Defendant states that the Bureau of Prisons is not accurately crediting that time. Defendant requests that the Court correct any necessary paperwork to ensure his timely release.

To the extent Defendant wishes to challenge the Bureau of Prison's calculation of any time he served prior entering the federal prison system, Defendant must pursue relief through a habeas petition. Granting credit for time served "is, in the first instance, an administrative, not a judicial function." United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). Only the Bureau of Prisons as the designated agent of the Attorney General has the authority to determine the amount of credit a federal prisoner should receive. United States v. Wilson, 503 U.S. 329, 336 (1992); United States v. Lucus, 898 F.2d 1554, 1556 (11th Cir. 1990). Where a federal inmate disagrees with the Bureau of Prison's computation of time served, the inmate may challenge the Bureau of Prison's determination by filing a habeas petition pursuant to 28 U.S.C. § 2241. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) ("A § 2241 action is the appropriate vehicle to challenge a decision of the federal Parole Commission.") (citation omitted). Accordingly, Defendant's motion is

2

**DENIED without prejudice** to the filing of an appropriate petition pursuant § 2241, provided Defendant has exhausted his administrative remedies.

**SO ORDERED**, this 5th day of October, 2021.

>                     *s/ Hugh Lawson*_____
>                     **HUGH LAWSON, SENIOR JUDGE**

aks